# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

STEPHANIE MATTHEWS                                    PLAINTIFF

v.                           No. 3:23-cv-244-DPM

NURTURESCHOOL, LLC, also known as
Sharp Childcare;  JOSH WAYNE SHARP;
TIFFANY SHARP;  SUN STAR
INSURANCE OF ARKANSAS;  CHRIS
EVANS, as an Agent of Sun Star
Insurance;  and JASON BARTH, as an
Agent of Sun Star Insurance                      DEFENDANTS

## ORDER

1. Stephanie Matthews worked for NurtureSchool, which is owned by Josh and Tiffany Sharp.  During her employment, she was involved in a car accident that resulted in her young daughter's death.  Matthews was also permanently disabled in the accident.  She says that NurtureSchool and the Sharps discriminated against her based on her disability.  She brings many federal and state law claims against them, their insurance company, and their insurance agents.  See the attached chart.  The defendants move to dismiss some of Matthews's claims as re-pleaded in her first amended complaint, *Doc. 32*.  The Court accepts her factual allegations as true and draws all reasonable inferences in her favor.  *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

In response to the motions, Matthews has abandoned two claims: her breach of contract claim against NurtureSchool and the Sharps; and her claim under the Arkansas Civil Rights Act for being an individual "regarded as" having a disability. *Doc. 15 at 16-17; Doc. 32 at 1.*

2. Matthews's federal and state disability discrimination claims fail against the Sharps. Although there is no binding precedent on point, district courts in the Eighth Circuit have held that, as in Title VII cases, there is no individual liability under the ADA. *Davis v. Kimbel Mechanical Systems, Inc.*, 2016 WL 8737495, at *2 (W.D. Ark. 16 September 2016); *Adams v. Tyson Foods, Inc.*, 2010 WL 1488001, at *4 (W.D. Ark. 6 January 2010).

Matthews also has ADA interference claims against the insurance defendants. The parties have not briefed them. They will therefore stay in the case for now.

3. Matthews's claims under the Arkansas Deceptive Trade Practices Act also fail. She hasn't alleged that she suffered an actual financial loss, as required under the statute. ARK. CODE ANN. § 4-88-113(f)(2). And the NutureSchool defendants are correct that, if Matthews is alleging that she was a consumer based on a therapist-patient relationship with them, then her exclusive remedy for that claim would be under the Arkansas Medical Malpractice Act. ARK. CODE ANN. § 16-114-213; *Epps v. Ouachita City Medical Center*, 2021 Ark. App. 389, at 10, 636 S.W.3d 787, 793.

**4.** Matthews hasn't pleaded a solid defamation claim under Arkansas law. The NurtureSchool defendants argue that Tiffany Sharp's statement that Matthews "is going through a mental health crisis because she did not grieve her daughter properly" is an opinion. *Doc. 32 at 43.* The Court agrees. *Brown v. Tucker*, 330 Ark. 435, 440-41, 954 S.W.2d 262, 265-66 (1997). And Matthews pleads no facts showing how her reputation was damaged. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (2002).

**5.** Matthews's outrage claim falls short, too. She hasn't shown that the defendants' conduct was extreme and outrageous beyond all possible bounds of decency. *Faulkner*, 347 Ark. at 957-58, 69 S.W.3d at 403-04. The statements alleged are offensive. But Arkansas courts have held that more egregious behavior is insufficient to state an outrage claim. *Compare, e.g., Smith v. American Greetings Corp.*, 304 Ark. 596, 602, 804 S.W.2d 683, 686 (1991) (no outrage claim where shift leader hit employee after a dispute and employee was later fired); *Sterling v. Upjohn Healthcare Services, Inc.*, 299 Ark. 278, 279-80, 772 S.W.2d 329, 330 (1989) (no outrage claim where employer accused employee of being drunk and lying on his job application and instructed other workers to monitor the employee and report back). Matthews also hasn't shown that the defendants' behavior caused her emotional distress so severe that no reasonable person could be expected to endure it. *Faulkner*, 347 Ark. at 957, 69 S.W.3d at 403-04.

\* \* \*

Partial motions to dismiss, *Doc. 33 & 37*, granted. Matthews's ADA and ACRA claims against the Sharps are dismissed with prejudice. Her ADTPA claims, defamation claim, and outrage claim are dismissed without prejudice. The following claims go forward against the listed defendants:

- **Counts I, II & IV** — NurtureSchool; and
- **Counts III & VI** — Sun Star Insurance, Chris Evans, and Jason Barth.

So Ordered.

*/s/ WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 August 2024

# Claims Chart

*Matthews v. NurtureSchool, LLC et al.*

| Count | NurtureSchool Defendants | Insurance Defendants | Both |
|---|---|---|---|
| I – ADA | X | | |
| II – ADA (retaliation/ harassment/ interference) | X | | |
| III – ADA (interference) | | X | |
| IV – ACRA (disability discrimination) | X | | |
| V – ADTPA | X | | |
| VI – Tortious interference with business relationship | | X | |
| VII - ADTPA | | X | |
| VIII – Defamation, Libel, and Slander | X | | |
| XIV – Outrage | | | X |