## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

STEPHANIE MATTHEWS                                                    PLAINTIFF

v.                                    No. 3:23-cv-244-DPM

NURTURESCHOOL, LLC, also known as
Sharp Childcare;  SUN STAR
INSURANCE OF ARKANSAS;  CHRIS
EVANS, as an Agent of Sun Star
Insurance;  and JASON BARTH, as an
Agent of Sun Star Insurance                                      DEFENDANTS

### ORDER

1.    Joint status report, *Doc. 53*, appreciated.

2.    Matthews moves to file a second amended complaint. This would be her third complaint.  She moved to amend on the last possible day under the Court's Final Scheduling Order.  Her proposed amendments re-pleaded some previously dismissed claims.  *Doc. 47-2*. But she explained in her reply that she forgot to delete the dismissed claims when she moved to amend.  *Doc. 50 at 2*.  The Court will therefore consider her revised redline, *Doc. 50-2*, for purposes of her motion.

Matthews seeks to add new claims against two new companies. These companies—Philadelphia Consolidated Holding Corp. and Tokio Marine Holdings, Inc.—underwrote NurtureSchool's Sunstar

insurance policy.   The defendants resist, arguing undue delay on Matthews's part.   Matthews concedes that she has known about the Philadelphia/Tokio Marine companies' involvement since the case began.  *Doc. 50 at 3*.   But she emphasizes that she only discovered facts about their possible wrongdoing two months ago, in February 2025.  *Doc. 52 at 4*.   These facts, she says, are what prompted the late-breaking motion to amend her complaint.  *Ibid.*

Two and a half months remain in the discovery period;  and the main depositions have been taken.   Those circumstances may pose challenges for the proposed new defendants.   But delay "alone is not a reason in and of itself to deny leave to amend;  the delay must have resulted in unfair prejudice *to the party opposing amendment*."  *Roberson v. Hayti Police Department*, 241 F.3d 992, 995 (8th Cir. 2001) (emphasis added).   The defendants have not shown how Matthews's proposed amendments will prejudice them.   Her claims against them will not change in any way.  *Sanders v. Clemco Industries*, 823 F.2d 214, 217 (8th Cir. 1987).   The trial is more than a year away;  and Sunstar's eagerness to move for summary judgment is not a sufficient reason to deny Matthews leave to amend.   Her motion, *Doc. 47*, is therefore granted as modified.

The modifications.   Matthews must style her amended complaint as a second amended complaint.  *Doc. 50-2 at 2*.   She must strike Josh

and Tiffany Sharp from Count IV. *Doc. 50-2 at 36.* And she must delete either Count V or VI, which are duplicates. *Doc. 50-2 at 41–48.*

While the Court has questions and some doubts about all the new claims against the underwriters, it would benefit from adversarial briefing before ruling on them. Matthews must file her second amended complaint immediately and serve the new defendants as soon as practicable to keep things on track. Given the underwriters' last-minute addition, for good cause an Amended Final Scheduling Order will issue.

No party engaged in any sanctionable conduct in connection with this motion. The Court again reminds counsel to redouble cooperation and reduce squabbling.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

1 May 2025