IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEPHANIE MATTHEWS                                              PLAINTIFF

v.                          No. 3:23-cv-244-DPM

NURTURESCHOOL, LLC, a/k/a Sharp
Childcare; SUN STAR INSURANCE OF
ARKANSAS; CHRIS EVINS, as an Agent
of Sun Star Insurance; and
PHILADELPHIA INDEMNITY
INSURANCE COMPANY, a/k/a
Philadelphia Insurance Companies                                DEFENDANTS

ORDER

Over the NurtureSchool defendants' objection, the Court granted Matthews's last-day request to amend her complaint again. She has now brought the school's insurer, Philadelphia Indemnity Insurance Company, into the case. Matthews's new claims rely mostly on an exchange of emails about coverage and potential liability arising from Malley, her service dog, being with her on the job. In response to Philadelphia's motion to dismiss, Matthews has abandoned her Deceptive Trade Practices Act claim. That leaves two claims: negligence, and tortious interference with her employment contract with NurtureSchool. The Court accepts Matthews's latest factual allegations as true and draws all reasonable inferences in her favor.

*Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

\*

The threshold issue is Matthews's status under the Philadelphia policy. She pleads that she "is a third party and not an insured." *Doc 55 at ¶ 11.10*. But she responds to the motion to dismiss by arguing that she is an insured. *E.g., Doc. 84 at 2–3*. She argues from part of Philadelphia's policy, an excerpt attached to her response.

A party may not amend pleadings in briefing. *Northern States Power Co. v. Federal Transit Administration*, 358 F.3d 1050, 1056–57 (8th Cir. 2004). It's unfair to the opposing party. Plus it mucks up the orderly presentation of claims to the Court. This legal principle applies with particular force where, as here, Matthews has amended her complaint twice, done much discovery, and had an extended period to analyze the case.

Because Matthews, by her own words, is not an insured, Philadelphia had no duty to her under the policy. *Elsner v. Farmers Insurance Group, Inc.*, 364 Ark. 393, 395, 220 S.W.3d 633, 635 (2005). Her negligence claim fails as pleaded.

As Philadelphia argues, if Matthews now believes she was an insured, then that's another lawsuit: a declaratory judgment action, with the complete policy of record, and comprehensive arguments about the policy's terms. Matthews has made a start at this with the

policy excerpt and her "director" argument. But there's a thicket of issues that must be addressed: her employee status, whether her program director job was the kind of "director" meant by Philadelphia's policy; how the "arising from" or "arising within the scope of" duties limitations play out; and whether the abusive conduct coverage (or some other coverage) reaches injury caused by a service dog. The context for that other lawsuit would be some of the material facts here. But it's a different case, which turns on different law, policy provisions not provided, and matters not yet explored. Any coverage dispute, and related negligence claim, against Philadelphia is better handled separately from the Matthews/NurtureSchool employment dispute.

Matthews's tortious interference claim also fails. Assuming for purposes of argument that she was an insured, no claim of this kind exists. Philadelphia can't interfere with its own contract with Matthews. *Baptist Health v. Murphy*, 2010 Ark. 358, at 18, 373 S.W.3d 269, 283. If she was not an insured, then her pleaded allegations are insufficient to state a claim. She has plausibly alleged most of the doctrine's elements. She had a valid contractual relationship with NurtureSchool; Philadelphia's underwriters knew about that contract because the new program director was the written premise of the email exchange; and the underwriter's response that Philadelphia would not cover injury claims if her dog hurt someone at the school was at least

one cause of Matthews losing her job. *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Investment Partners*, 373 Ark. 14, 26, 208 S.W.3d 1, 11 (2008). What's missing are plausible allegations of impropriety. *Ibid.*

Philadelphia's underwriter responded to the local agent's ambiguous inquiry about whether Philadelphia would cover claims involving an approved "emotional support service dog." Doc 55 at ¶ 5.62. The answer was no, with an ADA hedge: "Unfortunately, this is not an exposure that we are willing to accommodate. While many employers are to make accommodations for ADA compliance, emotional support dogs are not afforded the same protections and immunities." Doc 55 at ¶ 5.76. After some back and forth with one of NurtureSchool's owners, the local agent sought more information. "I completely understand your position. Just curious, would the same response apply if it was a service dog instead of an emotional support dog?" The underwriter never responded.

Miscommunication? Yes. Misunderstanding? Yes. A dropped email? Yes. But it was never made clear that the employee was disabled. It was never made clear that she was seeking an ADA accommodation. And it was never made clear that Malley was a certified service dog, not just an emotionally supportive companion. Absent allegations along those lines, and considering all the material circumstances, inferring impropriety is not plausible. *K.C. Properties*, 373 Ark. at 26, 202 S.W.3d at 11; *Mason v. Wal-Mart Stores, Inc.*, 333 Ark.

3, 7–14, 969 S.W.2d 160, 162–65; RESTATEMENT (SECOND) OF TORTS § 767 (AM. L. INST. 1979). Philadelphia's underwriter provided a hip opinion based on incomplete and muddy information. With the partial record available, the Court can't discern whether coverage existed or not. But the facts alleged show, at most, a stumble, not an intentional tort.

*

Philadelphia's motion to dismiss, *Doc. 80*, is granted. Matthews's claims against that company are dismissed without prejudice. Matthews's embedded request to amend her complaint again is denied for lack of good cause. Fed. R. Civ. P. 16(b)(4); *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011). This case will turn two next month. The Court's deadline for proposing amended pleadings passed seven months ago. Matthews has had ample opportunity to amend, and has done so repeatedly. A Second Amended Final Scheduling Order getting the case back on track will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 October 2025